PEOPLE'S STATE BANK OF FARMINGTON *v.* ALBRIGHT.

1. Justices of the Peace—On Dismissal of Appeal Judgment of Justice Affirmed.

    Where, in proceedings in justice's court to recover possession of land sold under land contract, only one of the defendants appealed from the judgment for restitution which also fixed the amount due on the contract, the appealing defendant had the right to dismiss her appeal, and when this was done the judgment of the justice stood affirmed.

2. Deposits in Court—Court Properly Ordered Return of Deposit in Court Under Agreement For Return on Dismissal of Appeal.

    Where only one of two defendants appealed from a judgment of restitution, and paid into court a sum of money under an agreement that it was to be returned on settlement of the case, and she sold her interest in the land and dismissed her appeal, the court properly entered a judgment of affirmance and directed the clerk to return the money to her.

Error to Oakland; Gillespie (Glenn C.), J.    Submitted June 5, 1928.    (Docket No. 23, Calendar No. 33,632.)    Decided July 24, 1928.

Summary proceedings in justice's court by the People's State Bank of Farmington against Elizabeth Albright and Warren Henderson.    There was judgment of restitution, and defendant Albright appealed to the circuit court.    Judgment for defendant Albright.    Defendant Henderson brings error.    Affirmed.

*Harold F. Coyle,* for appellant.

*Joseph J. Geraci,* for appellee Albright.

*John J. Schulte, Jr.,* for appellee bank.

FELLOWS, J.   This proceeding brought to recover possession of premises sold under land contract was instituted before a justice of the peace of Novi township, Oakland county, where the premises are situate. Judgment for restitution was rendered, and the amount due on the contract was fixed.   Defendant Elizabeth Albright alone appealed to the circuit.   There were many motions made in the circuit; Mrs. Albright paid to the clerk $1,043.77; this probably was a tender, although there are some references to it in the record indicative that it was additional security to the bond on appeal.   There was apparently some ill-feeling between the defendants, and Mrs. Albright transferred her half interest in the premises to her brother, a Mr. Robbins.   Henderson is a customer of plaintiff bank, and its attorney is his brother-in-law.   After Mrs. Albright transferred her interest to Mr. Robbins, she, her brother, plaintiff's attorney, and Henderson talked about settling the matter.   It is admitted by all that Robbins sold the half interest he acquired from his sister to Henderson, the terms of the settlement being in dispute.   This was done the day the money was paid into court.   The following day a stipulation was filed with the clerk signed by plaintiff's attorney and Henderson, reciting that Henderson was "the only surviving defendant with an interest in the suit," and agreeing that the $1,043.77 paid into court by Mrs. Albright be turned over to the bank and the suit dismissed.   The money was paid to the bank or its attorney by the clerk; as we understand the record, this was done without an order of the court and without notice to Mrs. Albright.   When she learned what had taken place she filed a petition asking leave to dismiss her appeal and asked that the money deposited by her in court be returned to her.   The bank returned the money to the clerk.   About every one who knew anything about the transaction was called as

a witness.    The trial judge found that the terms of the settlement were as contended by Mrs. Albright, that Henderson only paid for her half interest the amount she had invested in the property, that the agreement was that she should be returned the money deposited in court, and that the bank acquiesced in this arrangement.    Judgment of affirmance was entered, and the clerk directed to return the money to Mrs. Albright.    The bank does not review, but Henderson does.

1. Mrs. Albright was the only one to appeal from the judgment of the justice of the peace.    It was her right to dismiss her appeal.    This she could do for good reason or for no reason at all.    Defendant Henderson did not appeal; as to him, the judgment of the justice was in force and effect.    When the only appeal taken was dismissed the judgment of the justice stood affirmed.    We need not discuss this feature of the case further, as the real controversy grows out of the portion of the judgment which orders the return of the money to Mrs. Albright.

2. The plaintiff bank is not here complaining of this or any feature of the judgment.    Assuming, but not deciding, that Henderson has such an interest and is so situated as to authorize him to sue out this writ of error, we take up his contention that this part of the judgment should be reversed.    Counsel for Henderson insisted in the court below, and does here, that when Mrs. Albright made an unconditional tender of the sum of $1,043.77 into court for the use and benefit of plaintiff, such sum then became the money of the plaintiff and could not be withdrawn by her, or turned back to her by an order of the court.    The trial judge indicated that if that was all there was of the transaction he would sustain the contention made on behalf of Mr. Henderson, but he found as a fact that the parties, including the bank, had agreed as a part

of the settlement agreement that the sum deposited with the clerk should be returned to Mrs. Albright. This finding was not against the clear weight of the evidence, as contended by counsel for Mr. Henderson, but is supported by the preponderance of the proof.. There was testimony, which the trial judge evidently believed, that plaintiff's attorney suggested the settlement to Mrs. Albright and her brother and Mr. Henderson; that this was when they stepped out of the courtroom after depositing the money, and that:

"He said: 'Well, if you people get together, you either sell or buy Henderson out or Henderson sell out to you, we will knock this right off, give you people back your money.' That was all there was to it."

The record further discloses that the bank held the contract as collateral, and it would appear it had ample security for the loan.    There had been difficulties between Mrs. Albright and Mr. Henderson, and it was doubtless good judgment to eliminate one or the other of them.    Mr. Henderson was a customer of plaintiff and the check he gave to Mr. Robbins for upwards of $2,000 for Mrs. Albright's interest was certified by plaintiff.

The facts as found by the trial judge support the judgment, and, as already stated, are not against the clear weight of the testimony.    Under these circumstances, the judgment should be affirmed, and it is so ordered.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.